# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., and PHILIPS NORTH AMERICA LLC<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORP.,<br><br>Defendant. | C.A. NO.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Koninklijke Philips N.V. and Philips North America LLC (collectively, "Philips" or "Plaintiffs") bring this action for patent infringement under 35 U.S.C. § 271 against Intel Corporation ("Intel" or "Defendant"), and allege as follows:

## THE PARTIES

1. Plaintiff Koninklijke Philips N.V. (formerly known as Koninklijke Philips Electronics N.V.) ("Philips N.V.") is a corporation duly organized and existing under the laws of The Netherlands, with its principal place of business at High Tech Campus 5, 5656 AE Eindhoven, The Netherlands.

2. Plaintiff Philips North America LLC (formerly known as Philips Electronics North America Corporation) ("Philips North America") is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business at 222 Jacobs Street, Cambridge, MA 02141. Philips N.V. is the parent of Philips North America.

3. Defendant Intel Corporation is a corporation duly organized and

1

existing under the laws of the State of Delaware with a principal place of business located at 2200 Mission College Boulevard, Santa Clara, California.

4. Defendant, either itself and/or through the activities of its subsidiaries, affiliates, or intermediaries (including distributors, retailers, and others), makes, uses, sells, offers for sale, and/or imports throughout the United States, including within the District of Delaware (this "District"), products, such as digital video-capable integrated circuits and associated firmware that infringe the Asserted Patents, defined below. Defendant makes, uses, sells, offers for sale, and/or imports digital video-capable integrated circuits, that it or its customers incorporate into digital video-capable devices that are made, used, sold, offered for sale, and/or imported throughout the United States, including within this District. These digital video-capable devices may include, but are not limited to, laptops, desktops, all-in-one PCs, thin clients, tablets, smartphones, convertible PCs, workstations, servers, video adapters, and/or video hubs.

## THE ASSERTED PATENTS
### U.S. Patent No. 9,436,809

5. United States Patent No. 9,436,809 (the "'809 Patent") is entitled "Secure Authenticated Distance Measurement" and issued on September 6, 2016 to inventor Franciscus L. A. J. Kamperman. The '809 Patent issued from United States Patent Application No. 14/538,493 filed on November 11, 2014. A copy of the '809 Patent is attached hereto as Exhibit A.

### U.S. Patent No. 10,091,186

6. United States Patent No. 10,091,186 (the "'186 Patent") is entitled "Secure Authenticated Distance Measurement" and issued on October 2, 2018 to inventor Franciscus L. A. J. Kamperman. The '186 Patent issued from United States Patent Application No. 15/352,646 filed on November 16, 2016. A copy of the '186 Patent is attached hereto as Exhibit B.

7. By way of assignment, Philips N.V. owns all right, title, and interest to the '809 Patent and '186 Patent (collectively, the "Asserted Patents.")

8. The Asserted Patents are each valid and enforceable.

## JURISDICTION AND VENUE

9. This is a civil action for patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq.*

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because Defendant resides and has committed acts of infringement in this District.

12. This Court has personal jurisdiction over Defendant. Defendant resides in this district. Defendant has and does conduct business within the State of Delaware. Defendant, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, makes, uses, offers for sale, imports and/or advertises (including by providing an interactive web page) its products and/or services in the United States and this District and/or contribute to and actively induce their customers to ship, distribute, make, use, offer for sale, sell, import, and/or advertise (including the provision of interactive web pages) infringing products and/or services in the United States and this District. Defendant, directly or through subsidiaries, affiliates, or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products, or components thereof as described below, into the stream of commerce with the expectation that those products will be purchased, used and/or incorporated into digital video-capable devices made, used, sold, offered for sale, purchased, and/or imported into the United States by customers and/or consumers in this District.

## BACKGROUND

13. Philips incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

14. Philips is a world-renowned company that engages in research and development in numerous fields. One of these fields pertains to digital video-capable devices for delivering and displaying content to users. Exemplary products in this field include laptops, desktops, all-in-one PCs, thin clients, tablets, smartphones, convertible PCs, workstations, servers, video adapters, and/or video hubs. The Asserted Patents derive from Philips's efforts in this field and claim protection for, among other things, delivering and displaying content to users.

15. Defendant made, used, sold, offered for sale, imported, tested, designed, and/or marketed in the United States digital video-capable integrated circuits and associated firmware displaying content to users that infringe the Asserted Patents. Such integrated circuits and associate firmware are incorporated in digital video-capable devices made, used, sold, offered for sale or imported into the United States by companies, including but not limited to, Dell Technologies, Inc., HP Inc., Lenovo Group Ltd., and LG Electronics Inc., and/or their affiliates, subsidiaries or intermediaries (the "Exemplary Customers").

16. Defendant has actual notice of the Asserted Patents. Defendant received actual notice of the Asserted Patents at least as early as September 17, 2020 by way of a letter to Defendant dated September 17, 2020. That letter included allegations of infringement of the Asserted Patents. Additionally, the filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287.

17. With actual notice of the Asserted Patents, Defendant has directly infringed, and continues to directly infringe the Asserted Patents under 35 U.S.C. § 271(a) and (g) by one or more of making, using, selling and/or offering to sell, in this District and elsewhere in the United States, and importing into this District and

elsewhere in the United States, certain infringing digital video-capable integrated circuits and associated firmware that infringe the Asserted Patents (the, "Accused Products"), as further described in detail in Counts I-II *infra*.

18. The Accused Products include, but are not limited to, all digital video-capable devices, integrated circuits, and associated firmware designed to facilitate digital video-capable playback supporting the HDCP 2.0 protocol and above that Defendant, either itself and/or through the activities of its subsidiaries, affiliates, or intermediaries (including distributors, retailers, and others), makes, uses, sells, offers for sale, and/or imports throughout the United States, including, but not limited to, the following products and/or product lines, their associated firmware/software, and/or any development boards, printed circuit board assemblies, Server Boards, Systems, Chassis, or Data Center Blocks containing the same: Intel 6th Generation Processors (Skylake), Intel 7th Generation Processors (Kaby Lake), Intel 8th Generation Processors (Coffee Lake), Intel 9th Generation Processors (Coffee Lake Refresh); Intel 10th Generation Processors (Ice Lake); associated firmware. This list of Defendant's currently known digital video-capable integrated circuits, associated firmware, and devices containing the same is exemplary and, on information and belief, many other of Defendant's digital video-capable integrated circuits and associated firmware infringe the Asserted Patents.

19. Defendant has also indirectly infringed, and continues to indirectly infringe the Asserted Patents under 35 U.S.C. § 271(b) and (c). Defendant knew and intended to induce and contribute to the infringement of the Asserted Patents. The Accused Products have no substantial non-infringing use, are a material part of the invention of each Asserted Patent, especially made or especially adapted for use in an infringement of each Asserted Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

20. After receiving actual notice of the Asserted Patents, Defendant continued to actively induce, and materially contribute to, its customers' infringement of the Asserted Patents by making, using, selling, offering for sale, marketing, advertising, and/or importing digital video-capable integrated circuits and associated firmware that are incorporated into Defendant's digital video-capable devices that infringe the Asserted Patents, and instructing customers to infringe the Asserted Patents.

21. For example, Defendant specifically intended and advertised its digital video-capable integrated circuits and associated firmware for use within digital video-capable devices such as laptops and desktops.[1] Such digital video-capable integrated circuits and associated firmware are advertised as providing "HDCP 2.2" support. Thus, Defendant induces their customers to infringe the Asserted Patents by advertising and/or instructing their customers regarding infringing uses of the Accused Products. On information and belief, Defendant did so with the specific intent to bring about infringement in the United States knowing that, among others, at least the Exemplary Customers would incorporate Defendant's digital-video capable integrated circuits and associated firmware in digital-video capable devices made, used, sold, offered for sale or imported into the United States.

22. As another example, Defendant contributes to the same infringement by selling digital video-capable integrated circuits and associated firmware to customers who incorporate said digital video-capable integrated circuits and associated firmware into their infringing digital video-capable devices. On information and belief, Defendant had knowledge that digital video-capable integrated circuits and associated firmware were especially made or especially

---

[1] https://www.intel.com/content/dam/www/public/us/en/documents/product-briefs/10th-gen-core-mobile-processors-brief.pdf.

adapted for use in an infringement of the Asserted Patents by practicing the HDCP 2.0 protocol or above, and were not a staple article or commodity of commerce suitable for substantial non-infringing use.

23. Thus, Defendant has indirectly infringed, and continues to indirectly infringe, the Asserted Patents under 35 U.S.C. § 271(b) by actively inducing its customers to infringe the Asserted Patents by making, using, selling, offering for sale, marketing, advertising, and/or importing the Accused Products to its customers and by instructing customers to infringe the Asserted Patents, as described in detail in Counts I-II *infra*. Additionally, Defendant has indirectly infringed, and continue to indirectly infringe the Asserted Patents under 35 U.S.C. § 271(c) by materially contributing to their own customers' infringement of the Asserted Patents by making, using, selling, offering for sale, advertising, marketing, and/or importing the Accused Products to its customers and instructing customers to infringe the Asserted Patents, as described in detail in Counts I-II *infra*.

24. Defendant's acts of infringement have caused damage to Philips. Philips is entitled to recover from Defendant the damages incurred by Philips as a result of Defendant's wrongful acts.

## COUNT I
### Defendant's Infringement of the '809 Patent

25. Philips incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

26. Defendant has directly infringed, and continue to directly infringe, the '809 Patent by making, using, selling, offering for sale, or importing throughout the United States products and/or methods covered by one or more claims of the '809 Patent including, but not limited to, digital video-capable integrated circuits and associated firmware for inclusion in digital video-capable devices. The products that infringe one or more claims of the '809 Patent include, but are not limited to, at least

the Accused Products. Further discovery may reveal additional infringing products and/or models.

27. For example and without limitation, the Accused Products infringe claims 1, 17 and 49 of the '809 Patent.

28. Attached hereto as Exhibit C, and incorporated into this Complaint, is a claim chart showing where in the 15Z90N-U.ARS5U1 10th Gen Intel Core i5-1035G7 Processor and associated firmware incorporated in the Dell Inspiron 13 5000, Model No. Inspiron 13 5391 each limitation of claims 1, 17 and 49 are met. This claim chart is exemplary and, on information and belief, many other products provided by Defendant or Defendant's customers infringe the '809 Patent.

29. Defendant has, and continues to, indirectly infringe the '809 Patent by actively inducing and contributing to the infringement of the '809 Patent by others, such as customers, resellers, and retailers. These others include, but are not limited to, the Exemplary Customers, who, for example, sell, offer for sale, and/or import throughout the United States, including within this District, the digital video-capable devices incorporating the Accused Products.[2]

30. Defendant specifically intended others, such as customers, resellers, and retailers, to infringe the '809 Patent and knew that these others perform acts that constituted direct infringement. For example, Exhibit C shows that an exemplary product, the 15Z90N-U.ARS5U1    10th Gen Intel Core i5-1035G7 Processor and associated firmware incorporated in the Dell Inspiron 13 5000, Model No. Inspiron 13 5391, which is sold by Walmart Inc., infringes the '809 Patent. Defendant designed the Accused Products such that they would each infringe the '809 Patent as described in Exhibit C if made, used, sold, offered for sale, or

---

[2] https://www.walmart.com/ip/Dell-Inspiron-13-5391-13-3-Full-HD-Laptop-i5-10210U-8GB-256GB-SSD-W10H/569725508.

imported throughout the United States. Defendant provided, directly or indirectly, Accused Products to others, such as, but not limited to, customers, knowing and intending that those others would use, sell, offer for sale, and/or import the Accused Products throughout the United States, thereby directly infringing one or more claims of the '809 Patent.

31. In addition, upon information and belief, Defendant provides instructions, user guides, and/or other documentation to the infringing others regarding the use and operation of the Accused Products. When others follow such instructions, user guides, and/or other documentation, they directly infringe one or more claims of the '809 Patent. By providing such instructions, user guides, and/or other documentation, Defendant knows and intends that others will follow those instructions, user guides, and other documentation, and thereby directly infringe one or more claims of the '809 Patent. Thus, Defendant knows that its actions actively induce infringement.

32. The Accused Products have no substantial non-infringing uses and are a material part of the invention. As described in Exhibit C, any manufacture, use, sale offer for sale or importation throughout the United States of an Accused Product, or incorporation of any of the Accused Products in digital video-capable devices infringes the '809 Patent. Thus, the Accused Products have no substantial non-infringing uses.

33. Philips has been and continues to be damaged and irreparably harmed by Defendant's infringement of the '809 Patent. This irreparable harm will continue unless this Court enjoins Defendant from further infringement of the '809 Patent.

34. Philips is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Defendant's infringement of the '809 Patent.

## COUNT II
### Defendant's Infringement of the '186 Patent

35. Philips incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

36. Defendant has directly infringed, and continue to directly infringe, the '186 Patent by making, using, selling, offering for sale, or importing throughout the United States products and/or methods covered by one or more claims of the '186 Patent including, but not limited to, digital video-capable integrated circuits and associated firmware for inclusion in digital video-capable devices. The products that infringe one or more claims of the '186 Patent include, but are not limited to, at least the Accused Products. Further discovery may reveal additional infringing products and/or models.

37. For example and without limitation, the Accused Products infringe claim 1 of the '186 Patent.

38. Attached hereto as Exhibit D, and incorporated into this Complaint, is a claim chart showing where in the 15Z90N-U.ARS5U1 10th Gen Intel Core i5-1035G7 Processor and associated firmware incorporated in the Dell Inspiron 13 5000, Model No. Inspiron 13 5391 each limitation of claim 1 is met. This claim chart is exemplary and, on information and belief, many other products provided by Defendant or Defendant's customers infringe the '186 Patent.

39. Defendant has, and continues to, indirectly infringe the '186 Patent by actively inducing and contributing to the infringement of the '186 Patent by others, such as customers, resellers, and retailers. These others include, but are not limited to, the Exemplary Customers, who, for example, sell, offer for sale, and/or import throughout the United States, including within this District, digital video-capable devices incorporating the Accused Products.

40. Defendant specifically intended others, such as customers, resellers, and retailers, to infringe the '186 Patent and knew that these others perform acts that constituted direct infringement. For example, Exhibit D shows that an exemplary

product, the 15Z90N-U.ARS5U1 10th Gen Intel Core i5-1035G7 Processor and associated firmware incorporated in the Dell Inspiron 13 5000, Model No. Inspiron 13 5391, which is sold by Walmart Inc., infringes the '186 Patent. Defendant designed the Accused Products such that they would each infringe the '186 Patent as described in <u>Exhibit D</u> if made, used, sold, offered for sale, or imported throughout the United States. Defendant provided, directly or indirectly, Accused Products to others, such as, but not limited to, customers, knowing and intending that those others would use, sell, offer for sale, and/or import the Accused Products throughout the United States, thereby directly infringing one or more claims of the '186 Patent.

41. In addition, upon information and belief, Defendant provides instructions, user guides, and/or other documentation to the infringing others regarding the use and operation of the Accused Products. When others follow such instructions, user guides, and/or other documentation, they directly infringe one or more claims of the '186 Patent. By providing such instructions, user guides, and/or other documentation, Defendant knows and intends that others will follow those instructions, user guides, and other documentation, and thereby directly infringe one or more claims of the '186 Patent. Thus, Defendant knows that their actions actively induce infringement.

42. The Accused Products have no substantial non-infringing uses and are a material part of the invention. As described in <u>Exhibit D</u>, any manufacture, use, sale offer for sale or importation throughout the United States of an Accused Product, or incorporation of any of the Accused Products in digital video-capable devices infringes the '186 Patent. Thus, the Accused Products have no substantial non-infringing uses.

43. Philips has been and continues to be damaged and irreparably harmed by Defendant's infringement of the '186 Patent. This irreparable harm will continue

11

unless this Court enjoins Defendant from further infringement of the '186 Patent.

44. Philips is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Defendant's infringement of the '186 Patent.

## DAMAGES

45. Defendant has refused to compensate Philips for its infringement of the Asserted Patents. Philips is entitled to monetary damages adequate to compensate Philips for Defendant's infringement in an amount no less than a reasonable royalty for the use made of the patented inventions by Defendant. The precise amount of damages will be determined through discovery in this action and proven at trial.

## MARKING

46. Philips and its licensees of the Asserted Patents have complied with 35 U.S.C. § 287, and relative to its licensees, Philips has taken reasonable steps to ensure compliance with marking.

## PRAYER FOR RELIEF

WHEREFORE, Philips respectfully asks the Court for an order granting the following relief:

a) A judgment that the Asserted Patents are valid and enforceable;

b) A judgment that Defendant has infringed, directly and indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the '809 Patent;

c) A judgment that Defendant has infringed, directly and indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the '186 Patent;

d) An injunction against Defendant, its officers, agents, servants, employees, all parent and subsidiary entities, all assignees and successors in interest, and those persons or entities acting in concert or participation with Defendant, including distributors, enjoining them

from further infringement of the Asserted Patents;

e)   A judgment awarding Philips all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Asserted Patents, including pre and post judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

f)   An accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

g)   A finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Philips be awarded its reasonable attorneys' fees against Defendant incurred in prosecuting this action;

h)   An award of reasonable attorneys' fees, costs, and expenses incurred by Philips in connection with prosecuting this action; and

i)   Any and all other relief as the Court finds just, equitable, and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Philips hereby respectfully demands trial by jury on all claims and issues so triable.

Dated: September 17, 2020                Respectfully submitted,

                                         FARNAN LLP

OF COUNSEL:
                                         /s/ Brian E. Farnan
Michael T. Renaud                        Brian E. Farnan (Bar No. 4089)
Adam S. Rizk                             Michael J. Farnan (Bar No. 5165)
Andrew H. DeVoogd                        919 N. Market St., 12th Floor
MINTZ LEVIN COHN FERRIS                  Wilmington, DE 19801
GLOVSKY & POPEO PC                       Phone:   (302) 777-0300
One Financial Center                     Fax:     (302) 777-0301

Boston, Massachusetts  02111
Phone: (617) 542-6000
Fax: (617) 542-2241
MTRenaud@mintz.com
ARizk@mintz.com
DHDeVoogd@mintz.com

BFarnan@farnanlaw.com
MFarnan@farnanlaw.com

*Attorneys for Plaintiffs
Koninklijke Philips N.V. and
Philips North America LLC*